**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

VICTOR R. MARSHALL,

*Plaintiff*,

v. Case 1:26-cv-01883-KWR-JHR

ANNE TAYLOR, JOSEPH C. GONZALES,
CHRISTINE LONG, and JANE GAGNE,
in their official capacities as Disciplinary
Counsel for the Disciplinary Board of the
New Mexico Supreme Court;
DAVID STOUT, in his official capacity as
Chair of the Disciplinary Board;
RAUL TORREZ, in his official capacity as
Attorney General of New Mexico; and
RYAN ELLISON, in his official capacity as
First Assistant United States Attorney
for the District of New Mexico,

*Defendants*.

**RESPONSE TO MOTION FOR PRELIMINARY DECLARATORY AND INJUNCTIVE RELIEF**

COME NOW, defendants Anne Taylor, Joseph C. Gonzales, Christine Long, Jabe Gagne, David Stout and Raul Torrez (collectively, "Defendants"), by and through their counsel of record, Assistant Attorneys General Edward L. Marshall and Daniel R. Rubin, and hereby respond to the plaintiff's *Motion for Preliminary Declaratory and Injunctive Relief* (Doc. 37) ("the Motion").

The Motion largely duplicates Plaintiff's previously filed *Expedited Motion for Partial Declaratory Relief* (Doc. 5). Both invite this Court to provide legal advice to

the New Mexico Supreme Court ("NMSC"). The previous motion couched such relief as "partial declaratory relief" on an "expedited" basis. This Motion amends the relief to "Preliminary Declaratory and Injunctive Relief" on a "preliminary" basis. The two motions thus present this Court with largely the same substance — or lack thereof. Indeed, the Motion, at footnote 1, refers to arguments in his previous motion.[1]

For the reasons discussed herein, and as Defendants have already argued, the Motion fails to present a case or controversy pursuant to Art. III of the United States Constitution that would allow this Court to exercise jurisdiction in the manner asserted in the Motion as to these Defendants.

**ARGUMENT: the Motion contravenes the "case or controversy" requirement of Article III of the United States Constitution.**

"The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94, 88 S. Ct. 1942, 1949, 20 L. Ed. 2d 947 (1968). Thus, "the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies'." *Id.*

---

[1] Unlike Plaintiff's previous motion, the Motion at least addresses the four-pronged grounds for granting preliminary relief pursuant to Fed. R. Civ. P. 65. See, *Resol. Tr. Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). Plaintiff thus repeatedly invites Defendants to substantively debate the first prong as Plaintiff wishes, namely, his likelihood of prevailing on the merits of his assertions that the New Mexico Supreme Court does not understand First Amendment jurisprudence and that the sovereignty of the Federal courts are somehow at stake. However, unless and until Plaintiff brings a case or controversy before this Court that implicates these concerns as relating to these Defendants, Defendants need not do so. For purposes of Fed. R. Civ. P. 65, Plaintiff is unlikely to prevail on the merits of his case based on the jurisdictional arguments set forth in this response.

As to whether a case or controversy exists often turns on the concept of "justiciability" which, in turn, relies upon the principle that a party must have "standing" to assert a particular claim:

> Standing is an aspect of justiciability and, as such, the problem of standing is surrounded by the same complexities and vagaries that inhere in justiciability…The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions…In other words, when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable…A proper party is demanded so that federal courts will not be asked to decide ill-defined controversies over constitutional issues[.]

*Id*. 392 U.S. at 98-100 (citing *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962) and *United Public Workers of America v. Mitchell*, 330 U.S. 75, 90, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947)).

As a separate issue, the requirement of a "case or controversy" includes the naming of the correct parties, i.e., parties with a case or controversy between them. A court's "first inquiry, therefore, must be whether the facts alleged, under all the circumstances, show that there is a substantial controversy, *between parties having adverse legal interests,* of sufficient immediacy and reality." *Bd. of Elections of City of New York v. Lomenzo*, 365 F. Supp. 50, 52 (S.D.N.Y. 1973) (emphasis in original) (citing the doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). In *Lomenzo*, the court held that a plaintiff improperly named a governmental

defendant that failed to have "some connection with the enforcement of the act in question.")

The Supreme Court has similarly explained that Article III standing consists of three elements. First, there must be an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, there must be a causal connection between the injury and the conduct complained about, i.e., the injury must be traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Id.* And third, it must be likely that the injury will be redressed by a favorable decision. *Id.* at 561.

Here, the Court should deny the Motion because, simply put, Plaintiff fails to link to any of the allegations in his complaint to any of the Defendants. In this lawsuit, Plaintiff sues multiple employees of the New Mexico Supreme Court's Disciplinary Board and its chairperson ("the Board Defendants"). However, nowhere in any of the complaint's 219 numbered paragraphs of allegations does he identify a pending case or controversy between himself and the Board Defendants. Instead, Plaintiff alleges "unconstitutional disciplinary sanctions" were levied against him by the NMSC itself. *See* Complaint at ¶27 and Exhibits 3-4 (citing *Matter of Marshall*, 2023-NMSC-006, 528 P.3d 653 (*Marshall I*) and *Matter of Marshall*, 2023-NMSC-009, 528 P.3d 670 (*Marshall II*)). He further alleges that many of the formal opinions and rules established by the NMSC violate the United States and New Mexico Constitutions. Yet the complaint fails to link either a disciplinary decision, rule or formal opinion by the NMSC to any of these Defendants through any specific

allegation. Nor is any of his requested relief directed at the Board Defendants or against Attorney General Torrez. As such, it fails to present a case or controversy as against any of these Defendants as required by Article III of the United States Constitution.[2] Plaintiff should have directed his litigation against the NMSC, not Defendants. *Lomenzo, supra*; *Lujan, supra.* Respectfully, the Court should deny the Motion on these same grounds – he cannot prevail on the merits of his claim. *Resol. Tr. Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992).

Even more disjointed than the disconnect between the complaint and the Defendants, the Motion fails to argue any specific facts that personally involve Plaintiff. Instead, he rails against the NMSC in a purely academic manner. Without further explanation, he attaches his affidavit to the Motion that in turn exclusively relies upon a New Mexico Second Judicial District Court decision, No. D-202-DM-2025-02088, sanctioning Plaintiff for failing to personally respond to a New Mexico subpoena for a deposition in a domestic relations case filed in the Florida Fifteenth Judicial District Court, *Jeffrey Leeds v. Elizabeth Leeds[3], Case No. 50-2025-DR-000045XXXAMB*. As the Motion fails to do so, Defendants decline to attempt to deduce any connection between that case and this one, except to note that both the Second Judicial Court's order and the motion by the petitioner Jeffrey Leeds prompting that order speak for themselves. Furthermore, Plaintiff failed to allege that Second Judicial District Court case, or its related Florida case, in his Complaint.

---

[2] Defendant Ryan Ellison's notes this exact same infirmity in Plaintiff's pleadings as the basis for that defendant's *Motion to Dismiss* (Doc. 36).

[3]Upon information and belief, Plaintiff is the father of Elizabeth Leeds.

He thus attempts to change the factual basis for his complaint from his own NMSC disciplinary proceedings to this wholly separate domestic relations case. The Court should disregard it as a basis for establishing jurisdiction or for granting the Motion. It further fails to establish a "personal stake" in the outcome of these alleged "censorship rules." *Flast, supra.*

Defendants have previously filed a motion to dismiss this case as against them on grounds of a lack of case or controversy between them and Plaintiff. *See, generally, Defendants' Motion to Dismiss, Doc. 31*. That motion has been fully briefed. *See, Notice of Completion of Briefing, Doc. 35.* Respectfully, the Court should deny this Motion on the same grounds Defendants have argued in their motion.

WHEREFORE, for the forgoing reasons, the Court should deny the Motion and grant such other and further relief as the Court deems just.

**Respectfully submitted,**

**NEW MEXICO DEPARTMENT OF JUSTICE**

**RAÚL TORREZ**
**Attorney General**

***/s/ Edward L. Marshall***
**EDWARD L. MARSHALL**
**Director of Government Litigation**

**DANIEL R. RUBIN**
**Assistant Attorney General**

**408 Galisteo Street**
**Santa Fe, NM 87501**
**(505) 490-4060**
**emarshall@nmdoj.gov**
**drubin@nmdoj.gov**

***Attorneys for Defendants Anne Taylor, Joseph C. Gonzales. Christine Long, Jane Gagne, David Stout, and Raúl Torrez***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically on all parties of record this 9th day of September, 2026.

*/s/Daniel R. Rubin*
Daniel R. Rubin
Assistant Attorney General